CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 12 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ANDRE SYLVESTER WATTS, <br> Petitioner, | Civil Action No. 7:06CV00291 |
| v. | **MEMORANDUM OPINION** |
| TERRY O'BRIEN, WARDEN, <br> Respondent. | By: Hon. Glen E. Conrad <br> United States District Judge |

The petitioner, Andre Sylvester Watts, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Watts challenges the legality of his confinement in administrative detention at United States Penitentiary (USP) - Lee in Jonesville, Virginia. Having reviewed Watts's allegations, the court concludes that he has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the petition.[1]

## Background

Watts executed the instant petition on May 9, 2006. He alleges that he has been housed in administrative detention since May 7, 2006. On that date, Watts was charged with using a telephone to further criminal activity. Watts contends that his due process rights were violated as a result of being placed in administrative detention, because there was insufficient evidence to support the disciplinary charge.

## Discussion

In order to prevail on a procedural due process claim, "inmates must first demonstrate that they were deprived of 'life, liberty, or property' by governmental action." Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). A prison disciplinary action implicates a liberty interest requiring due

---

[1] The court notes that because the petitioner's allegations relate to the conditions of his confinement, as opposed to the fact or duration of his confinement, the petition may be more appropriately construed as a civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). However, regardless of how the petition is construed, the court concludes that the petitioner has failed to state a claim upon which relief may be granted.

process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[2] Sandin v. Conner, 414 U.S. 472, 484 (1995). The determination of whether such an atypical and significant hardship exists is a question of law. Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997).

Having reviewed Watts's allegations, the court concludes that he has failed to allege sufficient facts to establish that his confinement in administrative detention poses an atypical and significant hardship in relation to ordinary prison life. See Id. at 504-505. As a result, Watts does not possess a liberty interest in avoiding confinement in administrative detention, and he is not entitled to due process protections.

For the reasons stated, the petition must be dismissed for failure to state a claim upon which relief may be granted. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 12th day of May, 2006.

_____
United States District Judge

---

[2] The court notes that although Sandin addressed the constitutional rights of state inmates, the Supreme Court's analysis of liberty interests has been applied to due process claims filed by federal inmates as well. See Ajaj v. Smith, 108 Fed. Appx. 743, 744 (4th Cir. 2001) (unpublished); Farmer v. Hambrick, 1998 U.S. App. LEXIS 14971 (4th Cir. 1998) (unpublished); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995); Crowder v. True, 74 F.3d 812, 814-15 (7th Cir. 1995).